Dale G. **KEPNER**, Plaintiff–Appellant,

v.

Beryl T. **COLEMAN**, Officials (Elected and appointed) of the Town of Somerset and the Town of Somerset, Defendants–Appellees.

Docket No. 02–7420.

United States Court of Appeals, Second Circuit.

May 9, 2003.

Dale G. Kepner, Orchard Park, New York, pro se.

Thomas H. Brandt, Andrews, Pusateri, Brandt, Shoemaker & Roberson, PC, Lockport, New York, for Defendants–Appellees.

Present: MINER, MCLAUGHLIN, and POOLER, Circuit Judges.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, two thousand and three.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Dale G. Kepner ("Plaintiff–Appellant") owns an apartment building in Somerset, New York. The town's board approved Plaintiff–Appellant's plan to construct space for a retail business on the first floor of the building and three apartments on the second floor. Upon encountering difficulty finding a commercial tenant, Plaintiff–Appellant sought to convert the entire

building into a multiple-unit apartment building. However, the board denied Plaintiff–Appellant's "Special Use Permit" application. Plaintiff–Appellant subsequently sought to lease part of the first floor to a sailmaker and to construct four additional apartments. The board approved the application, but Plaintiff–Appellant decided not to proceed with the project, though he continued to lease the three upstairs apartments to tenants.

Between July 1989 and February 1993, the Niagara County Health Department conducted no less than eight inspections of the premises and sent Plaintiff–Appellant no less than five code violation notices. In March of 1993, Plaintiff–Appellant filed a complaint against a tenant for failing to pay rent, and the tenant raised the affirmative defense that the apartment was not habitable. In resolving the case, Somerset Town Justice Beryl T. Coleman inspected the apartment and concluded that it was not safe because of water leaks through electrical lights in the ceiling and walls, broken gas pipes, and unsafe stairways. Justice Coleman ordered the tenant to vacate the apartment and ordered Plaintiff–Appellant not to rent it to anyone until he corrected the problems. Justice Coleman also viewed the building in connection with an unrelated drug raid. In April of 1994, neighbors complained to Justice Coleman about conditions at the building, and he forwarded the complaints to the proper authorities.

In March of 1995, the Niagara County Health Department again inspected the building and found more than 60 violations. The county informed Plaintiff–Appellant that he risked having the building condemned unless he made it compliant with state and local laws within 30 days. The next month, the Town of Somerset inspected the building in response to neighbors' complaints and ordered Plaintiff–Appellant to correct the violations or face fines and imprisonment. Justice Coleman accompanied the inspectors and wrote a letter to the town's board describing the poor conditions. The letter also stated that Plaintiff–Appellant had not made substantial improvements since the judge's first visit in 1993.

On February 19, 1997, the town inspected the apartment building and found that Plaintiff–Appellant had made little progress in correcting the problems identified during the 1995 inspections. On February 24, 1997, the Niagara County Health Department inspected the property and cited Plaintiff–Appellant for numerous violations, most of which were identified during the 1995 inspections. The town inspector and a state official reinspected the building on March 17, 1997 and found over 50 building and health code violations. The town ordered Plaintiff–Appellant to correct the violations by May 1 or face fines and imprisonment.

Plaintiff–Appellant filed the instant suit seeking injunctive relief against Justice Coleman, as well as the Town of Somerset and unnamed elected and appointed officials ("the municipality"), for allegedly violating the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Plaintiff–Appellant alleged that Defendants–Appellees' actions were motivated by the fact that his tenants are ethnic minorities and people with disabilities. The district court granted Defendants–Appellees' motion for summary judgment, and Plaintiff–Appellant appeals that decision.

■ At the outset, Justice Coleman is immune from liability, as none of his actions were extra-judicial or taken in "complete absence of all jurisdiction." *See Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). Moreover, Plaintiff–Appellant proffers no evidence that the municipality's actions with respect to the "Special Use Permits" or the building inspections and attendant cita-

tions were motivated in any part by unlawful considerations. There is also no evidence that the municipality's requirement that Plaintiff–Appellant repair the property and construct firewalls was discriminatory. Plaintiff–Appellant does not dispute that his building was in an extensive and prolonged state of disrepair. Nor does Plaintiff–Appellant dispute that the County of Niagara, which is not a party to this action and did not allegedly discriminate against him, also inspected the building and found numerous violations that could result in condemnation.

Based upon the foregoing, the judgment of the United States District Court for the Western District of New York is **AFFIRMED.**